UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WANDA ALLEN,<br>Petitioner,<br><br>v.<br><br>STATE OF NORTH CAROLINA, et al.,<br>Respondents. | ) | **CIVIL ACTION**<br>**No. 26-11597-IT** |

MEMORANDUM AND ORDER
August 21, 2026

Petitioner Wanda Allen, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus [Doc. No. 1], an Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2], and numerous other motions.[1] For the reasons set forth below, the court allows Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2], denies the remaining motions, and dismisses this action.

**Motion for Leave to Proceed *In Forma Pauperis***

Upon review of Petitioner's first Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2], the court concludes that she is without assets to pay the filing fee and ALLOWS the application.

---

[1] These other motions are Petitioner's Motion for Emergency in Extraordinary Circumstances [Doc. No. 3], Motion for Execution and Issuance of Warrant of Arrest and Restraining Order [Doc. No. 5], First Motion to Amend Complaint [Doc. No. 7], Motion to Issue a Subpoena [Doc. No. 8], Motion for Leave to File Electronically Pro Se [Doc. No. 9], and a second Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 10].

**Screening of the Petition**

The Petition has not been served pending the court's preliminary review of the document. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[2] The court liberally construes the Petition because Petitioner is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

Here, the court must deny the Petition because Petitioner had not set forth a basis for this court to exercise habeas jurisdiction.

Petitioner names as Respondents the State of North Carolina and various state and city employees. Petition 5 [Doc. No. 1]. The case caption references several criminal case numbers, apparently from criminal proceedings in a North Carolina state court. *Id.* at 1.[3] She states that she

---

[2] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

[3] Attached to the petition are several exhibits including a Petition under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1-4], dated April 3, 2026, in which

"is still forced homeless due to Respondents order unlawful imprisonment to strategically force foreclosure of mortgage" and that the "threat of returning to unlawful imprisonment are pending in Wake County Justice Center District Court Division[.]" *Id.* at 3 (as in original); *see also id.* at 4 (stating that she is "still suffering violent attack under color of law and authority of the United States in such custody violating U.S. Constitution").

But Petitioner also represents that, at present, she "is no longer in physical custody of anyone Respondents." *Id.* at 3 (as in original); *see also id.* at 4 (stating again that she "is presently not in custody"). Where Petitioner does not allege any facts indicating that she is presently "in custody" for habeas purposes, and to the contrary specifically alleges that she is not in custody, there is no claim that may be addressed through a habeas petition. Accordingly, the Petition must be dismissed and the remaining motions must be dismissed as moot.

**Order**

Accordingly, it is hereby ORDERED that:

1. The Application to Proceed Without Prepayment of Fees [Doc. No. 1] is GRANTED.

2. The Petition for Writ of Habeas Corpus [Doc. No. 1] is DISMISSED.

3. Petitioner's Motion for Emergency in Extraordinary Circumstances [Doc. No. 3], Motion for Execution and Issuance of Warrant of Arrest and Restraining Order [Doc. No. 5], First Motion to Amend Complaint [Doc. No. 7], Motion to Issue a Subpoena [Doc. No. 8], Motion for Leave to file electronically Pro Se [Doc. No. 9], and second Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 10] are DENIED AS MOOT.

---

Petitioner is challenging a 2021 conviction in a North Carolina state court that she contends resulted in a sentence of thirteen days.

4. The clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Indira Talwani
August 21, 2026 UNITED STATES DISTRICT JUDGE